Our final case this morning is No. 241875, Restoration Specialists v. Secretary of the Air Force. Mr. Ariel. Good morning, Ma'am Police Corp. Warren Ariel, representing Restoration Specialists. Restoration Specialists is a former federal contractor who entered into the SABRA contract that is the issue here in this case. It was for maintenance and repair services down at the the contract had one base year. It had four option years. Ultimately, the contract went to a claim by my client, a CDA claim. Counsel, do you agree that the contract in the appendix contains materially the same? I'm sorry, yeah. Do you agree the contract in the appendix, the one that we have available in the appendix, contains materially the same contents as the actual hard copy final contract would contain for statute of limitations purposes? If I understand the question, would it be the exact same verbatim contract? At least the material terms that we would need for statute of limitations purposes. Well, that's one of the big questions. In this case, there was a significant, extraordinary, in our view, spoilation of the evidence from the original contract file, which the contracting officer acknowledged was the primary information that was used to deny the claim. So I'm acknowledging that we recognize we don't have the final contract and that that final contract may have been destroyed, but what I'm asking you is do we at least know the terms that would be relevant for us to decide on statute of limitations issues? I think my best answer would be we know of some terms that would be relevant, but without actually seeing that contract that was in that file, I don't feel I can tell you 100 percent that would be the case. Your client doesn't have a copy of the contract? Well, the contract that we submitted is the copy that the client had as to the, that it was in the record. But the issues on appeal, we feel, are basically four things. One, the question being what was the proper analysis of the accrual date for a claim? Was that the global accrual analysis that was argued in the brief? Or in the alternative, was it the claim-by-claim analysis? If it was the global analysis, we submit that all of the claims made under the CDA claim would be within the statute of limitations. If that's not the proper analysis, then we would submit that under the claim-by-claim analysis, which is what the board used, that the option, excuse me, the option years for options three and four would still be viable claims under the statute of limitations. Do you have any precedent for that? They didn't extend the first option. That's correct. Your client still had a reasonable expectation that he was going to get the contract in the other option years in the absence of having gotten the first option. I'm not an expert in contact law, but it seems quite unusual that you would get one year, then not exercise the option. We can ask the government and then get the others. But that was truly your client's expectation? Yes, Your Honor. And you asked for legal precedent. The cases that we cited from the Federal Circuit on that precedent would be, I'm probably not going to pronounce this correctly, but Catherine Kirkjian versus Secretary of the Army. And the second case is High Shared Tech Corporation versus the United States. In both those cases, there were bad faith claims, which we have made bad faith claims on failure to exercise the options. Those claims were allowed to go to a full trial for a hearing on the merits, which we do not have at this point with the dismissal on the summary judgment on the statute of limitations basis. In those two cases, initial exercise under the Kirkjian case, the first option was not allowed. But the case went to trial on the remaining option years. And it was determined there was no evidence of bad faith. And therefore, the option, those additional option years were not allowed because of the lack of that evidence. In the High Shared case, two options were exercised under the contract. The remaining two options, because there was a total of four options, were not exercised. And again, that was allowed to go to trial on the merits to determine if there was bad faith on those claims. It was determined the evidence didn't meet the standard of bad faith. Therefore, those options were not allowed. But our perspective on that is that if, in fact, in our case, the government is not exercising the first option, which the government argues that terminated the contract or ended the contract and completed the contract, that in those two cases that I cited from the Federal Circuit, that they wouldn't even have gone to trial on the merits. The High Shared case is a Court of Federal Claims case, right? It's not a Federal Circuit case, right? In the Federal Claims, the Federal Court of Claims did find that. But it did go on appeal to the Federal Circuit. And the Federal Circuit upheld the finding of the Federal Claims. As of 36, affirmed without opinion? No, Your Honor, there was an opinion. At least the case that I think you say in your briefing, though, was the Court of Federal Claims case, not the Federal Circuit case? Is that right? I did that. In answer to your question, I can confirm that the Federal Circuit did take that up on appeal. And addressed that question in the appeal? That question was addressed on the appeal? Yes, Your Honor. The question, the Court found that, upheld the finding of no bad faith. And so, therefore, again, the claim failed. Okay, but I think the government's response to all of this that you're saying is that this doesn't obviate your statute of limitations problem. And there's nothing in the High Shared case that deals with that issue. And that when you didn't get the first option, that's when the statute started to run. You can't have then, let's say you have a contract with potential, you know, 10 option years. Yes, Your Honor. And you, it ends after the first, it ends right at the beginning. You can't wait 10 years and come in and say, well, I'm coming in, 16 years actually, and say I coming in and it's timely because I didn't get the last option year. Is there any case that says that? Well, I think my best answer to that, Your Honor, is that I understand the government's case to be that the failure to exercise the option ended the contract. The, certainly that was not found in the High Shared case or in the Kirkagian case, because then they wouldn't have considered the merits that that ended the contract. And therefore, they wouldn't even need to have heard any evidence on the bad faith that that were the case, but they did. As to ending of the contract, we submit, because this is a motion for summary judgment, not on the merits, it's on summary judgment, and that we submit that there are genuine issues of fact that go to that question. The board found itself as an example. Let me back up. The government says that May 27 of 2014 is the date that, that's the date the letter came saying we're not going to exercise the option. So they say that ended the contract. That's when the statute of limitations started running. The board found that, in fact, the contract had ended in January of 2016, not May 27, 2014. The claim was filed on January the 12th of 2016. So the January 16th date or January 12th is when the contract ended, right? That's what the board found? Yeah. And the government says the contract ended May 27, 2014. On that being the date in which they said we're not going to renew the option. Okay, maybe we're talking past each other. Final work on the contract ended in 2016, right? That too, the government extended the contract to February of 2016. The work ended on January of 2016. The board found January 2016 being the date. The government said the 2014 date. So we have all these different dates which we feel like on a motion for summary judgment that creates genuine issues which should allow us to get to the merits of the case and not be dismissed on summary judgment. Okay. I think you were starting and you said you've got this one claim that deals with the subsequent option contactors. And then you said you've got your global theory. I don't understand your global theory. The global analysis was based on the fact that when the claim was submitted, it was submitted under the theories of breach contract, breach of duty of good faith, fair dealing, and bad faith. And we had a list of, I think it was 12 elements of damages under that claim. So under that view, it was considered, well, it's a global claim with these different elements of damages. I think the board felt, no, it's not. It would be under a claim by claim. They would take the claim by claim accrual analysis and apply that to what we saw as damages. So we only have one case to look into that. And that case was the Eurasia case which said that the de-obligation of funds under the contract is what in fact ended the contract. That didn't happen in this case until 2018. And in fact, the government didn't notify the client that there was this de-obligation. But that case specifically found de-obligation of funds as being the date. Yeah, but that case arose in different circumstances than this case for sure, right? There were certainly different circumstances, of course. And they didn't say that's the rule in all instances. They applied that in this case which seemed to be a sensible application. Well, and we certainly wanted the court's consideration of it. And that's why we felt like the proper thing was an alternative approach and determine if the global claim was not proper. Then we certainly, in responding to this court, acknowledged that what would be left for consideration would be the last two options here, years the third and fourth, and then the remaining sums under the contract. The other parts of the claim would go away. All right, before you sit down, you represented to us that we affirmed the high sheer opinion of the Court of Federal Claims, wrote an opinion. What's the citation to that opinion? I knew you were going to ask me that, Your Honor. And I will tell you that as I stand here before you today to give you that site, I know it exists. I don't have it written down, but it absolutely was appealed. But you've made a representation. Well, my representation is accurate. Well, can I help you out a little? In your table of contents in gray, I don't know if it's the same case, but you have a citation, Federal Circuit citation, 356 F. 2nd, 1372. So look at your gray brief. I'm just trying to help you out here. Right. I don't know if it's the same case or not. Let me also ask you one other question before you sit down. Under your kind of global claim theory that you were discussing with Judge Prost, do you agree that the claims would all rise and fall together for statute of limitations purposes? The last part of that question, would rise and fall in what? Well, the claims all rise and fall together, meaning that under your global claim theory, I think you're saying that they would all rise and fall together. We would have to treat them individually for statute of limitations purposes. Is that accurate? All except the claims on options three and four and the remaining funds on the contract, which the contracting officer did grant that and said, yes, you are. That's not barred by the statute of limitations. You're entitled to that. It's no longer an issue in this case. Well, I would let my colleague, I guess, address that. But what I would say is it has been briefed that those funds were paid. Those funds have not been paid. I think counsel will acknowledge that. And so I understand there's efforts to try to resolve that part of the claim, but that's where that stands. What's before us on appeal? Following up on Judge Prost's good question, would you agree that those claims before us on appeal all rise and fall together for statute of limitations purposes? What's before us on appeal? Not other disputes you may have ongoing. I'm just asking about what we need to decide as a court here. We carve out those remaining funds and we will just put those over the side. We still submit that under statute of limitations, based on the case law that we've talked about, as well as the continuing claims doctrine, which is argued in our brief, that those two claims, three and four option periods, would survive the statute of limitations and still be viable claims, even under the global analysis. Even if we reject the global analysis? If you reject the global analysis, then we are limited strictly to option year three, option year four is the position. Okay, we'll give you two minutes to rebuttal. Thank you, Your Honor. Mr. Phillips? Yes, Your Honor. May it please the court. And if the court will indulge me, let me address or respond to the assertion in the reply brief about a material misrepresentation. This goes to, I believe, Judge Cunningham's question about Claim 12. So there was a representation made in our primary brief that Claim 12 had been paid. This is the $49,000. At the time, the payment had been attempted. It was actually going through the transaction for reasons technical in nature. The payment was bounced, so it wasn't completed. The Air Force has worked with restoration specialists and their counsel to try to complete that payment. There are some other differences. There's a technical hurdle to get over, lack of an account because the contract is no longer active, and some other things. So it is factually inaccurate at this point that this Claim 12, which is not at issue on the appeal, has not been formally paid. But the process is ongoing, and they're hoping to accomplish that as soon as possible. With that being said, Your Honors, turning to the merits. Can you start with this option year issue? Yes, Your Honor. And the high sheer case, and what's going on here? Because I'm not an expert in contract law, but he's suggesting that just because he lost the first option year, he has this ongoing statute of limitations with respect to the subsequent years. Is that true? Your Honor, the direct answer is no, Your Honor. We are unaware of any precedent that would suggest. Is there a precedential opinion in the high sheer case? I believe, Your Honor, there was a decision from the Federal Circuit. I unfortunately do not have that with me to recall if it was just an affirmance of the decision, sort of Rule 36 or not. So I cannot speak to that directly, Your Honor, because we're focusing on the trial level decision. OK, but you do respond to high sheer, at least the court of claims opinion, and argue that it's just not distinguishable from what the position is here. All of the cases that are cited, Your Honor, are distinguishable, because none of them get to accrual. What high sheer was dealing with, and I believe it was also Kirkjean were also dealing with, were questions of whether or not bad faith claims can be established for follow-on option years, aside from the first year. None of those got to accrual. Was high sheer a case in which the first option was not exercised, and it was only a claim about subsequent option years? I believe in high sheer, Your Honor, if I'm not mistaking the cases, the first option year was exercised. No further option years were exercised. That's not a situation where the failure to exercise the first option year raised a statute of limitations issue. Directly no, Your Honor, because there was a claim that was allowed for that first option year, because it had been exercised. All of these other cases, Your Honor, though, state if there is no exercise of an option year, there can't be any claim. But that gets to the merits. The question then is the accrual date for knowing whether or not there is a claim pursuant to any of these option years. If an option year has not been exercised, there can't be any claim. And all the cases say that clearly. So what we're dealing with here is that the first option year in this case was not exercised, and that was known as of May 2014. So the minute that the Air Force declined to exercise the first option year, there wouldn't have been any additional option years that could have been exercised, because Your Honor is correct. Is that just what everybody in the world knows, that if you don't get your first option year, there's no such thing as a second or a third option year if you don't get the first? Is that black letter contract stuff? For government contracts, yes, Your Honor. If the first option year isn't exercised. Some situations in which the failure to exercise the first option year doesn't prevent later options. But those are, I think there was one case, Your Honor, I can't remember what the source of it was, that suggested that there could be an exercise of later option years, even though the first option was not exercised. Yes, Your Honor. If the contract terms specifically allow for that, that an option year could be skipped over. And one of the cases discussed talks about sort of these bonus option years. And so there was that ability to do that. In this case, and I think Appendix 73, to Your Honor's question, do we have enough in the contract? The government believes so. And so Appendix page 73 talks about how these options in this contract would be exercised. And they all key the next option year to the conclusion of the previous option year. So if option year one is not exercised, option year two can never start because it is keyed directly to the end of option year one. Here, option year one was never exercised. So any claim for any option year would accrue as of the date that option was not exercised, which is May 2014. That is a separate question from the contract end date,  The government has not taken the contention that the contract is over as of May 2014. The contract includes- Can you point out the specific language in the appendix that shows us about this keying on and that you couldn't get the future option years if the first one's not exercised? Page 73, Appendix page 73, Your Honor. It's about halfway down the page. And the title there is option period. So option one period, that's the heading before the paragraph, Your Honor, says, end of base period through 365 days following that. There's a paragraph that explains a little bit about it. Then it gets to another subheading there, Your Honor. It says second option period, end of option period one through 365 days. So this is what would have indicated to a restoration specialist that the only way these options are occurring is if the previous option has already been exercised and then the follow-on option could be exercised in accordance with the terms. So because option year one was not exercised, there wouldn't have been any further exercise of any other option. And that, to the accrual question, Your Honors, which is what this case is really about, whether these claims were all brought in a timely manner, we have to look at the date it was known that the government was not going to exercise option year one, which is May 2014. And there's that letter in the record that shows that. And your friend suggested that there's some discrepancy between you and the contract board in terms of what the accrual date is. And you want to speak to that? I don't believe there is any discrepancy, Your Honor, what the board found and what the board looked at in going through each of the 10 claims to figure out the accrual date. Board looked at when the complaint was filed, which was January 12, 2022, went back six years to January 12, 2016, and said, did all of the events that arose giving rise to knowing about these claims occur before that date, and found it did. The discrepancy, and we addressed this in our brief, I think gets to this point. There is an assertion that the government is insinuating that the contract ended or was terminated as of May 2014 when the notice was shown that we weren't going to exercise it. That's never been the government's contention. We wouldn't take such a contention because the contract ends when the contract ends. Here that was, I believe, January 19, 2016 after there was some interim and negotiation to extend the base period because it had not been completed as of June 2015 when the government declined to impose liquidated damages for the untimely performance. So there's no dispute, as I understand it, Your Honor, of when the contract ended. The question is, what is the significance for accrual purposes of May 2014 when the government declines to exercise option one? But tell me again the numbers for 2016, when the contract terminated and when the stat, the accrual period. So all performance on the contract, Your Honor, was done by January 19, 2016. That's when everything was completed and the parties agreed on that. And that is what the board found as well. The deobligation date, contract closed out, which is after the fact. Wouldn't he have met the six years on January 19, 2016? But there was nothing new that was learned at the end of contract performance. OK, so that's the other dispute. Yeah. But didn't they found that January 12, there was another earlier case, earlier date, that would have been the stopping point of the agreement? So the January 12 date, Your Honor, what the board did is they took the filing date of the board complaint, which was January 12, 2022, and went back six years. And said, if all of the facts would have been known before that, you're outside. You're untimely. So the January 12 date, Your Honor, was the board sort of giving themselves an easy guideline to put all of these facts as they're looking through the 10 claims into perspective. So for your side to win on the statute of limitations, you do need the accrual date to be that May 2014 date. Is that correct? We don't need it to be specific. Well, for the option, Your Honor, for that particular claim, and the board went through with its factual findings and found the dates for all of the 10 claims, which are different. But yes, from the government's perspective. But in order for you to prevail, the last, the January 12 date is the operative date. Well, that would have been the last date anything could have been known. But for as a factual matter, what the board found in this case, and I don't think there is a basis for that factual determination to be overruled here under the standard. But all of the facts known about when the United States would have exercised any further option was known as of May 2014, when the Air Force said, we are not exercising option one. Because as we've discussed, Your Honors, these option years weren't independent, sort of separate contracts. And this is a point, I believe. So following up on this option year thing, just to try to put a pin in it, in addition to the page that you had given us, appendix page 73, what's on appendix page 103 further kind of explain and support up what you were describing in terms of how you wouldn't get subsequent option years if they don't exercise the first of them? I'm talking about what's in the bottom half of appendix page 103. Your Honor is referring to it. It's clause 52.217-9. Yes. Yes, Your Honor, that is a standard FAR provision that would help inform how it's done. And it goes to how these option years are exercised. And the way the Air Force could exercise an option under this contract is as you get to the end of whatever current performance year you're at, you have to actually formally state that you're going to exercise the next option. So if you haven't exercised the first option, you're never going to get to a performance period where in which you're going to exercise a follow-on option. And I understand Your Honor's question about sort of the end of the contract. It does get a bit confusing, I guess, here because the base period went longer than a year for various reasons. And the board's decision shows that there was investigation and some other things. And sort of performance was halted shortly. But then the parties came together to figure out how to finish that option year. And the Air Force chose in doing that not to impose liquidated damages as they could have pursuant to the contract. But none of that really changes the analysis here, which is when is the actual accrual date? When were all the facts known to sort of fix the government's liability for any option year? And that's the date upon which the government has made known that they're not going to actually execute the first option year, which precluded all further options after that. And on the global claim theory, I assume your position is that that one case that's cited to support that doesn't support it. So the government doesn't understand there to be any sort of global claim theory that would allow restoration specialists to supplant the normal accrual rules, which look at when are all the facts known. This is an attempt to sort of get around the fact that their claims are untimely. There is no global claim accrual date that would move later. The fact that we've focused on contract end or contract de-obligation, while those facts in other circumstances could give rise to a date when a claim was actually accrued, they don't have any real applicability here as the board looked through all the facts and found. There's no general or personal. They didn't learn anything more about the contract was terminated. Yes, Your Honor. Everything was known before that. So there's no general theory of all claims accrue as of a certain date. And that's either the de-obligation date or a little before the end of performance. It goes to when all the facts were known. What is your response to opposing counsel's argument that there needs to be more discovery because we have all these potential competing dates and somehow maybe that additional discovery might impact the statute of limitations? So there's no basis here for additional discovery, Your Honor. The standard, of course, would be abusive discretion for the board, but nothing else could be gleaned to figure out when these claims actually accrued. The board went through in a detailed analysis for all 10 of the claims at issue here and said when all of the facts were known. The declarations that were submitted by counsel in support of additional discovery really only go to the merits of a potential bad faith claim, but no bad faith claim had been timely brought in any of these cases. So there's no basis for discovery. Nothing else would need to be learned to determine when these claims all accrued. The facts are all known and they're well laid out by the board in its decision. And for the reasons we said and were briefed, Your Honors, I'll just touch briefly. There's no equitable tolling here. The idea of a continued claim also doesn't work here because there's nothing new or separate about the optioneers. Unless the court has further questions. OK, thank you. Thank you, Your Honors. Mr. Phillips. Mr. Ariel, you have two minutes. Thank you. Just a couple of comments. On the issue of, if I understood the statement, it was that, and if you go look at the briefs, my view of understanding the claim of the government is that, in fact, the ending of the contract date is what they're claiming prevented any opportunity to pursue these other options. The brief says that the contract came to an end on May 27, 2014 when the letter was sent out about just the first option year. No mention about any of the other option years. So that's in there and has been a core part of their argument. Again, there are different dates out there. If you go through the record and look, you've got the board decisions date of January. You've got the contract was extended by the Department of the Air Force. That's in the record. It was extended to February 19 of 2016. The work completed, actually, a month earlier in January of 2016. The contracting officer acknowledged that the files were to have been kept for six years after or up to date of final payment, but those files were destroyed, under the knowledge that an appeal was coming, and they were notified of that. On the issue of discovery, the parties entered into a consent discovery order for both written discovery of lay witnesses and expert witnesses, as well as depositions of lay witnesses and expert witnesses. However, after the first round of written discovery, which we wrote a Rule 8 letter saying these answers are insufficient, they don't fully answer the request, literally almost two months before just the first level of discovery, written discovery of lay witnesses, was to close, the summary judgment motion was filed. So we feel strongly that we should be entitled to the additional discovery. OK. Thank you. Thank both counsel. Case is submitted. That concludes our session for this morning.